Hearing Date/Time: June 22, 2021 at 11:00 a.m.

Jerry A. Montag
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 218-5598
Facsimile: (212) 218-5526
Email: jmontag@seyfarth.com

*Attorneys for Stormfield Capital Funding I LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RAFI MANOR *a/k/a* RAFAEL MANOR, *et al*. | Case No. 21-40976-NHL |
| Debtor. | (Jointly Administered) |

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION
## FOR RELIEF FROM THE AUTOMATIC STAY

# **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT .................................................................................................................................... 2

    1.    Whether Relief Would Result in a Partial or Complete Resolution of the Issues (Factor 1) ............................................................................................................. 2

    2.    Lack of Any Connection With or Interference With the Bankruptcy Case (Factor 2) ........................................................................................................................... 4

    3.    Whether a Specialized Tribunal With the Necessary Expertise Has Been Established to Hear the Cause of Action; and the Interests of Judicial Economy and the Expeditious and Economical Resolution of Litigation (Factors 4 and 10) ........................................................................................................ 5

    4.    Whether an Insurer Has Assumed Responsibility (Factor 5) ......................................... 6

    5.    Whether the Action Primarily Involves Third Parties, and the Impact of the Stay on the Parties and the Balance of Harms (Factors 6 and 12) ................................. 6

    6.    Whether Litigation in Another Forum Would Prejudice the Interests of Other Creditors (Factor 7) ......................................................................................................... 7

    7.    Whether The Judgment Claim Is Subject To Equitable Subordination; Whether Movant's Success In The Other Proceeding Would Result In A Judicial Lien That Is Avoidable By The Debtor (Factors 8 and 9) .............................. 7

    8.    Whether the parties are ready for trial in the other proceeding (Factor 11) ................. 7

CONCLUSION ................................................................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Bison Resources, Inc.*
  230 B.R. 611 (Bank. N.D. Oklahoma 1999) ............................................................................. 6

*In re Bogdanovich*,
  292 F.3d 104 (2d Cir. 2002) ..................................................................................................... 3

*Boissard v. Specialized Loan Servicing, LLC*,
  2020 WL 9816005 (E.D. NY 2021) ......................................................................................... 4

*Broadhurst v. Steamtronics Corp.*,
  48 B.R. 801 (D. Conn. 1985) ................................................................................................ 4, 7

*Buczek v. Nationstar Mortgage LLC*,
  2021 WL 631281 (District Ct. W.D.N.Y. 2021) ...................................................................... 3

*In re Curtis*,
  40 B.R. 795 (Bankr. D. Utah 1984) .......................................................................................... 6

*In re Diane LaFemina*,
  2017 Bank Lexis 3356 (E.D. N.Y. 2017) ................................................................................. 2

*In re Everton Aloysius Sterling*,
  543 B.R. 385 (Bankr. S.D.N.Y. 2015) ............................................................................. 4, 5, 7

*In re Fierro*
  2015 WL 3465753 (Bankr. E.D.N.Y. 2015) .......................................................................... 5, 7

*InterBusiness Bank N.A.*,
  328 F. Supp. 2d 522 (Dist. Ct. Penn. 2004) .............................................................................. 3

*In re Kolnberger*,
  603 B.R. 253 (Bankr. E.D.N.Y. 2019) ...................................................................................... 4

*Lamarche v. Miles*,
  416 B.R. 53 (E.D.N.Y. 2009) .................................................................................................... 2

*In re Mazzeo*,
  167 F.3d 139 (2nd Cir. 1999) .................................................................................................... 2

*Osuji v. Deutsche Bank, N.A.*,
  589 B.R. 502 (E.D, N.Y. 2018) .................................................................................. 2, 3, 5, 6

*In re Sonnax Industries, Inc.*,
   907 F.2d 1280 (2nd Cir. 1990) .................................................................................... 2, 5, 6

*In re SunEdison, Inc.*,
   557 B.R. 303 (Bankr. S.D.N.Y. 2016) ................................................................................ 3

*In re Taub*,
   *438 B.R.* 39 (Bankr. E.D.N.Y. 2010) ................................................................................ 7

*In re Taub*,
   Case No. 10-49215-ess (Bankr. E.D.N.Y. 2010) ................................................................ 5

*In Re Tyler*,
   166 B.R. 21 (Bankr. W. District N.Y. 1994) ...................................................................... 3

## PRELIMINARY STATEMENT

Stormfield Capital Funding I LLC ("Stormfield"), by its undersigned attorneys, hereby respectfully submits this reply memorandum of law in further support of its motion for relief from the automatic stay so that Stormfield may pursue its state court Foreclosure Actions against certain non-debtor New York limited liability companies (the "Non-Debtor LLCs") that are borrowers under multiple mortgages (the "Mortgages") in which the debtor, Rafi Manor (the "Debtor"), is the guarantor pursuant to various guaranty agreements. (The definition of the terms used in Stormfield's Motion shall be used herein.)

In opposition, the Debtor does not deny that the Mortgages have long ago matured by their terms (with respect to the Freeman Property on October 1, 2018; with respect to the Lefferts Property on November 1, 2018; with respect to the Brooklyn Property on November 1, 2018; and with respect to the Herbert Property on March 1, 2020), and that no payments have been made since maturity, in the total sum due of $25,153,814.48 (Motion, Exhibit D). While the Debtor's opposition suggests that the Debtor will be overwhelmed by state court litigation if the stay is lifted, the Debtor expressly admits that the state court litigation is "a routine type of litigation where the Debtor's participation is peripheral at best." (See Debtor's Memorandum of Law, page 2.) The Debtor's further suggestion that Plaintiff can simply sever the Debtor from the Foreclosure Actions so that Stormfield can continue its actions against the Non-Debtor LLCs only is an attempt to eliminate the Debtor's obligations under his guaranty agreements. The Debtor's opposition does not address Stormfield's claim that stay relief is appropriate in order to fix the amount of Debtor's deficiency in accordance with state law, and that the rights of other creditors will be protected by this Court retaining jurisdiction as to the collection and enforcement of any such deficiency.

Accordingly, for the reasons stated herein, and in Plaintiff's Motion, it is respectfully requested that Plaintiff's Motion be granted in its entirety.

## ARGUMENT

### POINT I

**THE SONNAX FACTORS FULLY SUPPORT
PLAINTIFF'S MOTION FOR STAY RELIEF**

In opposition the Debtor claims that the factors enumerated by the Second Circuit in *In re Sonnax Industries, Inc*., 907 F.2d 1280 (2nd Cir. 1990) overwhelmingly weigh against lifting the stay. However, as this Court stated in *In re Diane LaFemina*, 2017 Bank Lexis 3356 (E.D. N.Y. 2017), a movant does not have to satisfy every one of these twelve factors. A court need only apply the factors that are relevant to the particular case, and need not give each factor equal weight. *In re Mazzeo*, 167 F.3d 139 (2nd Cir. 1999); *Osuji v. Deutsche Bank, N.A.*, 589 B.R. 502 (E.D, N.Y. 2018); *In re Diane LaFemina*, *supra; Lamarche v. Miles*, 416 B.R. 53 (E.D.N.Y. 2009). As shown below (and in the Motion), contrary to Debtor's opposition, upon consideration of the record and the particular circumstances of this case, a review of the Sonnax factors applicable here fully support granting Stormfield stay relief so that Stormfield may proceed with the Foreclosure Actions.

    **1.    Whether Relief Would Result in a Partial or Complete Resolution of the Issues (Factor 1)**

In opposition, the Debtor does not dispute that the Foreclosure Actions will resolve all issues between the Non-Debtor LLCs and the Debtor. The Debtor just argues that the Foreclosure Actions have a "possibility" of resolution being "potentially years away." However, that is an insufficient basis to deny Stormfield stay relief, particularly in light that the state court is the appropriate forum to determine the amount of any deficiency as to both the Non-Debtor

2

LLCs and the Debtor. *In Re Tyler*, 166 B.R. 21 (Bankr. W. District N.Y. 1994) (stating that a party seeking a deficiency judgment in New York must file a motion within the mortgage foreclosure proceeding); *InterBusiness Bank N.A.*, 328 F. Supp. 2d 522, 527 (Dist. Ct. Penn. 2004). ("Petitions to fix value are filed as part of the Foreclosure Actions itself, as a simple, supplemental proceeding in the existing case.") Indeed, if the Non-Debtor LLCs had themselves filed for bankruptcy, the Non-Debtor LLCs' failure to make mortgage payments would constitute sufficient cause to modify the automatic stay. *Buczek v. Nationstar Mortgage LLC*, 2021 WL 631281 (District Ct. W.D.N.Y. 2021); *Osuji v. Deutsche Bank, N.A., supra*.

The Debtor's citation to *In re Bogdanovich,* 292 F.3d 104, 110 (2d Cir. 2002) and *In re SunEdison, Inc.*, 557 B.R. 303 (Bankr. S.D.N.Y. 2016) does not support a different conclusion. In *Bogdanovich*, the Second Circuit addressed whether the judgment in California could be given collateral estoppel or res judicata effect in the bankruptcy court non-dischargeability action (based on the debtor's fraud), and the court concluded that the nature of the jury verdict in that case did not indicate which fraudulent statements the judgment was based upon, so the movant could not establish that the judgment in the California action would resolve all of the issues relevant to a nondischargeability determination. That is far different from the Foreclosure Actions wherein the Debtor does not identify a single issue that would not be resolved by the Foreclosure Actions. Similarly, in *SunEdison*, the court found that factor 1 weighed in favor of granting stay relief because it would fully resolve the issues. The Court's remark that final resolution may be years away was not a holding with respect to that factor given that the other factors militated against stay relief. In other words, the Debtor's claim that timing of resolution carries the day is unsupported by the Court's holding in *SunEdison, Inc.*

In contrast, here, lifting the stay so that Stormfield can proceed with the Foreclosure Actions will result in the complete resolution of the issues relating to the Property. *Boissard v. Specialized Loan Servicing, LLC,* 2020 WL 9816005 (E.D. NY 2021); *In re Kolnberger*, 603 B.R. 253, 268 (Bankr. E.D.N.Y. 2019) (noting that relief from the automatic stay to allow adjudication of the foreclosure claims is appropriate because "[s]tate law issues clearly predominate in the [f]oreclosure [a]ction"); *In re Everton Aloysius Sterling,* 543 B.R. 385, 393 (Bankr. S.D.N.Y. 2015) (noting that lifting a stay to proceed with Foreclosure Actions in state court will "result in a resolution of the issues relating to the [p]roperties and will not significantly interfere with the bankruptcy case"); and *Broadhurst v. Steamtronics Corp.*, 48 B.R. 801, 803 (D. Conn. 1985) (finding no abuse of discretion where the bankruptcy court recognized the matter involved state law issues and the estate was protected by the requirement that the plaintiff seek enforcement of any judgment through the bankruptcy court), which is precisely what Stormfield is requesting here.

### 2. Lack of Any Connection With or Interference With the Bankruptcy Case (Factor 2)

In opposition, the Debtor argues that it will have to litigate the Foreclosure Actions, but the Debtor does not dispute that the Foreclosure Actions are primarily between Stormfield and the Non-Debtor LLC. The Debtor does not even argue that the guarantee agreements are not enforceable and that there may be a deficiency. The cases cited by the Debtor in opposition all involved complex bankruptcy cases involving complex entities and a massive amount of claims. Here, the issues are concededly not complex. The Debtor submits no evidence that Debtor would be preoccupied here with the Foreclosure Actions or that there is an actual need to expend significant resources to litigate (when the Mortgages have all matured by their terms) and/or that there would be an actual diversion of the Debtor's focus from reorganization efforts.

4

In other words, as established by the Motion, relief from the automatic stay should be granted to allow the Foreclosure Actions to proceed to conclusion and the entry of judgment and an auction sale, with enforcement as to any deficiency amount as against the Debtor to take place in this Court. This restricted stay relief will not "interfere" with this bankruptcy case. *See, In re Everton Aloysius Sterling, supra*; *In re Fierro,* 2015WL3465753 E.D.N.Y. 2015); *In re Taub*, Case No. 10-49215-ess (Bankr. E.D.N.Y. 2010).

### 3. Whether a Specialized Tribunal With the Necessary Expertise Has Been Established to Hear the Cause of Action; and the Interests of Judicial Economy and the Expeditious and Economical Resolution of Litigation (Factors 4 and 10)[1]

Courts in this District have recognized that state courts have expertise to address foreclosure issues. *See Osuji*, 589 B.R. at 511 (noting that the "state court has the expertise to address the foreclosure issues"); *In re Everton Aloysius Sterling*, 543 B.R. at 393 ("The [s]tate [c]ourt also [*15] has the expertise to address the foreclosure issues."). Here, judicial economy will undoubtedly be best served by terminating the stay and allowing the Foreclosure Actions to proceed in the Supreme Court, Kings County, which has significant expertise in foreclosure matters, and is well qualified to determine the respective rights and obligations of the parties in the Foreclosure Actions.

The cases cited in opposition do not involve foreclosure actions, and foreclosure actions are not claims that the Bankruptcy Court routinely hears. The Debtor does not assert that the Foreclosure Actions can be completed before this Bankruptcy Court more expeditiously than in the Supreme Court, Kings County.

---

[1] As Debtor admits the third *Sonnax* factor (whether the other proceeding involves the Debtor as a fiduciary), is inapplicable here.

### 4. Whether an Insurer Has Assumed Responsibility (Factor 5)

In opposition, the Debtor simply confuses the Debtor with the Non-Debtor LLCs that are the primary defendants in the Foreclosure Actions. The Debtor offers no explanation as to why he would be required to pay for this defense. In any event, even if the cost of defense is a factor to be considered, that factor, standing alone, is an insufficient reason to deny stay relief to Stormfield in this matter. *See*, *In re Bison Resources, Inc*. 230 B.R. 611 (Bank. N.D. Oklahoma 1999).

### 5. Whether the Action Primarily Involves Third Parties, and the Impact of the Stay on the Parties and the Balance of Harms (Factors 6 and 12)

This factor is unquestionably true here and weighs in favor of granting stay relief to Stormfield as the actions are against Non-Debtor LLCs (third parties). *In re Curtis*, 40 B.R. 795, 806–07 (Bankr. D. Utah 1984), the only case the Debtor cites in opposition, is not on point. The *Curtis* case involved allegations of fraud committed by the Debtor, which is the exact substance of a dischargeability action in bankruptcy (a claim that bankruptcy courts routinely hear). Here, the deficiency judgment against Debtor is a tangential consequence (and not one that the Debtor suggests he has any legitimate defense to).

Further, the balance of harms favors Stormfield given the Non-Debtor LLCs' failure to make mortgage payments. As pointed out in the Motion, Non-Debtor LLC's are not parties to this bankruptcy proceeding. No post-petition payments and/or adequate assurance payments can be ordered by this Court. Therefore, Stormfield has suffered and will continue to suffer harm if the stay is not lifted. *See Osuji*, 589 B.R. at 511 *supra.* (holding that *Sonnax* factor twelve weighs in favor of appellees "in light of appellant's failure to make mortgage payments and the increasing cost to appellees"); *In re Everton Aloysius Sterling*, 543 B.R. at 394, *supra* (holding

6

that the balance of the harms weighs "in the [m]ovant's favor, due to a lack of post-petition payments and failure to pay real estate taxes on the [p]roperties").

### 6. Whether Litigation in Another Forum Would Prejudice the Interests of Other Creditors (Factor 7)

Once again, the Debtor confuses the Debtor with the Non-Debtor LLCs in arguing that litigation in the Foreclosure Actions would prejudice the interests of other creditors. As stated in the Motion, the risk of any prejudice to creditors can be addressed by limiting the scope of stay relief in directing Stormfield to pursue collection in this Court. *In re Fierro* 2015 WL 3465753 (Bankr. E.D.N.Y. 2015); *In re Taub*, 438 *B.R.* 39 (Bankr. E.D.N.Y. 2010)*; Broadhurst v. Steamtronics Corp., supra.*

### 7. Whether The Judgment Claim Is Subject To Equitable Subordination; Whether Movant's Success In The Other Proceeding Would Result In A Judicial Lien That Is Avoidable By The Debtor (Factors 8 and 9)

The inapplicability of these factors does not mean that they weigh against stay relief. They simply do not apply at all in this case.

### 8. Whether the parties are ready for trial in the other proceeding (Factor 11)

As established above, the cases cited by the Debtor do not involve foreclosure actions, and Stormfield submits that this factor is not a relevant consideration in this case. Here, the Foreclosure Actions must be completed in order to liquidate the amount of Stormfield's deficiency claim against both the Non-Debtor LLCs and the Debtor.

### CONCLUSION

In sum, as set forth in Stormfield's motion, the issues in the Foreclosure Actions should be decided by the state court so that the Foreclosure Actions can be completed and the amount of any deficiency as against the Debtor and the Non-Debtor LLCs can be determined by state law as

required. Enforcement of any deficiency judgment would be determined by this Court. In that way, this Court may retain jurisdiction as to the collection and enforcement of any judgment as against the Debtor, and the priorities established by the Bankruptcy Code and the rights of other creditors will be protected.

Accordingly, for the reasons stated herein, and in the Motion, it is respectfully requested that Plaintiff's Motion be granted in its entirety.

Dated:  June 21, 2021         SEYFARTH SHAW LLP
        New York, New York

                              By:  */s/ Jerry A. Montag*
                                  Jerry A. Montag
                                  SEYFARTH SHAW LLP
                                  620 8th Avenue
                                  New York, NY  10018
                                  Telephone:  (212) 218-4646
                                  Facsimile:  (917) 344-1339
                                  Email:  jmontag@seyfarth.com

                              *Attorneys for Stormfield Capital Funding I LLC*

9

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2021, a true and correct copy of the foregoing Memorandum of Law for Relief from Automatic Stay was caused to be served via the Court's CM/ECF system on all parties authorized to receive electronic notice in this case.

                /s/ *Jerry A. Montag*
                Jerry A. Montag