*Isaac Nutovic, Esq.*                       :
*NUTOVIC & ASSOCIATES*
*261 Madison Avenue, 26th Floor*
*New York, New York 10016*
*(212) 421-9100*

**Counsel to Rafi Manor**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:                                  21 CV 03932

RAFI MANOR a/k/a                   BK Case No.: 21-40976-nhl
RAFAEL MANOR, et al,

                      Debtor.            (Jointly Administered)
------------------------------------------------------------X

RAFAEL MANOR,                   Kings County
                                       Index No.: 506870/2020

                      Plaintiff,

     - against -

44 BOX STREET INVESTORS LLC,
116 INDIA VILLA INVESTORS LLC,
17 DIAMOND STREET INVESTORS LLC,
79 GREEN STREET INVESTORS LLC,
44 BOX VILLA LLC,
116 INDIA VILLA LLC,
17 DIAMOND VILLA LLC and
79 GREENE VILLA LLC,

                     Defendants.

------------------------------------------------------------x

## NOTICE OF REMOVAL OF STATE COURT ACTION TO UNITED STATES BANKRUPTCY COURT UNDER 28 U.S.C. § 1452 AND RULE 9027(a) <u>OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>

       RAFI MANOR a/k/a RAFAEL MANOR, by his attorneys Nutovic & Associates, hereby

gives notice and removes to the United States District Court for the Eastern District of New

York, under 28 U.S.C. § 1452 and Rule 9027(a) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule"), the action styled *RAFI MANOR* ("Manor")*, against 44 BOX STREET INVESTORS LLC, 116 INDIA VILLA INVESTORS LLC, 17 DIAMOND STREET INVESTORS LLC, 79 GREEN STREET INVESTORS LLC, 44 BOX VILLA LLC, 116 INDIA VILLA LLC, 17 DIAMOND VILLA LLC and 79 GREENE VILLA LLC,* ("Defendants")*,* pending in the Supreme Court of the State of New York, Kings County, Index No.506870/2020 ("State Court Action"), and respectfully represents as follows:

### BACKGROUND

#### *The Bankruptcy Filing*

1.      On April 14, 2021 ("Filing Date"), Manor, (the "Debtor"),  filed a voluntary petitions for relief under Chapter 11 of Title 11, United States Code ("Bankruptcy Code") with the United States Bankruptcy Court, Eastern District of New York ("Court").

#### *The State Court Action*

2.      Prior the Filing Date, on March 18, 2020, the Debtor commenced the State Court Action, by filing a motion for summary judgment in lieu of complaint against Defendants in order to obtain funds admittedly owed to the Debtor. A copy of the Notice of Motion and underlying papers, filed in the State Court Action by Plaintiff is annexed hereto as Exhibit "A".

3.      On July 7, 2021 the state court held a hearing but made no ruling stating that it needed to determine whether it had personal jurisdiction over the Defendants.

#### *The Removal*

4.      The State Court Action relates to, and concerns, property of Debtor's estate, the administration of the estate and the ability of Debtor to confirm a plan of reorganization. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  The State Court Action is

an action which may be removed pursuant to 28 U.S.C. § 1452.  Upon removal of the State Court

Action, the matter will be a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (K) and (O).

  5. This Notice of Removal is timely filed under Bankruptcy Rule 9027(a)(2)(A) as it

was filed within ninety (90) days after the Order for Relief in the underlying Bankruptcy.

  6. The Debtor consents to the entry of final orders and judgments by the Bankruptcy

Court.

Dated: New York, New York
   July 13, 2021

        **NUTOVIC AND ASSOCIATES**
        *Attorneys for Debtor Rafi Manor*

      By:  s/<u>Isaac Nutovic</u>
         Isaac Nutovic, Esq.
         261 Madison Avenue, 26th Floor
         New York, New York 10016
         (212) 421-9100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------X
RAFAEL MANOR,                                        :    **Index No.:**
                                                          **Date Purchased:**
                          Plaintiff,                :

                                                         **Plaintiff designates**
          - against -                               :    **Kings County**
                                                         **as the place of trial**
44 BOX STREET INVESTORS LLC, 116 INDIA              :
VILLA INVESTORS LLC, 17 DIAMOND STREET                   **SUMMONS**
INVESTORS LLC, 79 GREEN STREET                      :
INVESTORS LLC, 44 BOX VILLA LLC, 116 INDIA               **Basis of Venue: CPLR 503**
VILLA LLC, 17 DIAMOND VILLA LLC and 79              :
GREENE VILLA LLC,
                                                    :
                          Defendants.
--------------------------------------------------------------------X

### TO THE ABOVE-NAMED DEFENDANT(S):

**YOU ARE HEREBY SUMMONED** to submit to Plaintiff's attorney your answering

papers at least ten days prior to the return date set by the notice of motion annexed hereto; and in

case of your failure to submit answering papers, summary judgment will be taken against you by

default for the relief demanded in the notice of motion.

Dated: New York, New York
       March 17, 2020

                                   SMITH, GAMBRELL & RUSSELL, LLP

                                   By: *Michael L. Glanzman /EK*

                                        Michael R. Glanzman
                                        Daniel Q. Horner
                                        1301 Avenue of the Americas, 21st Floor
                                        New York, NY 10019
                                        (212) 907-9700
                                        *Attorneys for Plaintiff*

To:

44 Box Street Investors LLC
124-04 Metropolitan Avenue
Kew Gardens, New York 11415

116 India Villa Investors LLC
124-04 Metropolitan Avenue
Kew Gardens, New York 11415

17 Diamond Street Investors LLC
124-04 Metropolitan Avenue
Kew Gardens, New York 11415

79 Green Street Investors LLC
124-04 Metropolitan Avenue
Kew Gardens, New York 11415

44 Box Villa LLC
124-04 Metropolitan Avenue
Kew Gardens, New York 11415

116 India Villa LLC
124-04 Metropolitan Avenue
Kew Gardens, New York 11415

17 Diamond Villa LLC
124-04 Metropolitan Avenue
Kew Gardens, New York 11415

79 Greene Villa LLC
124-04 Metropolitan Avenue
Kew Gardens, New York 11415

SGR/22482175.2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------------X
RAFAEL MANOR,                                          :

                                                      :        **Index No.:**

                        Plaintiff,                    :

            - against -                                :

44 BOX STREET INVESTORS LLC, 116 INDIA                :        **NOTICE OF MOTION**
VILLA INVESTORS LLC, 17 DIAMOND STREET
INVESTORS LLC, 79 GREEN STREET                        :
INVESTORS LLC, 44 BOX VILLA LLC, 116 INDIA
VILLA LLC, 17 DIAMOND VILLA LLC and 79                :
GREENE VILLA LLC,
                                                      :
                        Defendants.
------------------------------------------------------------------------X

**PLEASE TAKE NOTICE**, that upon the Affidavit of Rafael Manor, sworn to on March

12, 2020, and the exhibits thereto, and all prior pleadings and proceedings had herein, plaintiff

Rafael Manor ("Plaintiff") shall move this Court, at an IAS part of the Supreme Court, Kings

County, located at 360 Adams Street, Brooklyn, New York 11201, on May 8, 2020 at 9:30 a.m.,

or as soon thereafter as counsel may be heard, for an Order, pursuant to CPLR 3213 and enter

judgment in favor of Plaintiff against Defendants, jointly and severally, in the amount of

$27,000.00 plus attorneys' fees, interest, and costs for such other and further relief as the Court

deems just, necessary, and proper.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to CPLR § 3213, Defendants'

opposition papers, if any, shall be served on the undersigned not less than (10) days before the date

this motion is noticed to be heard.

Case 1:21-cv-03932-BMC   Document 1-2   Filed 07/13/21   Page 2 of 21 PageID #: 7

Dated: New York, New York
       March 17, 2020

SMITH, GAMBRELL & RUSSELL, LLP

By: _Michael R. Glanzman /EL_ .
        Michael R. Glanzman
        Daniel Q. Horner
1301 Avenue of the Americas, 21st Floor
New York, New York 10019
Tel: (212) 907-9700
Fax: (212) 907-9800
mglanzman@sgrlaw.com
*Attorneys for Plaintiff Rafael Manor*

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

RAFAEL MANOR,                           :

                               **Index No.**

                   Plaintiff,           :

                               **AFFIDAVIT OF**

        - against -           :   **RAFAEL MANOR IN**

                               **SUPPORT OF MOTION FOR**

44 BOX STREET INVESTORS LLC, 116 INDIA   :   **SUMMARY JUDGMENT IN**

VILLA INVESTORS LLC, 17 DIAMOND STREET      **LIEU OF COMPLAINT**

INVESTORS LLC, 76 GREEN STREET INVESTORS :

LLC, 44 BOX VILLA LLC, 116 INDIA VILLA LLC,

17 DIAMOND VILLA LLC and 79 GREENE VILLA :

LLC,

                 Defendants.     :

-------------------------------------------------------------------X

STATE OF NEW YORK       )

                        )  ss.:

COUNTY OF KINGS         )

**RAFAEL MANOR,** being duly sworn, deposes and says the following:

1.    I am the plaintiff in this action.

2.    I respectfully submit this affidavit in support of my motion for summary judgment

pursuant to CPLR 3213.

<u>**NATURE OF THE ACTION**</u>

3.    This is an action based upon a confession of judgment made in favor of myself by

the defendants, 44 Box Street Investors LLC, 116 India Villa Investors LLC, 17 Diamond Street

Investors LLC, 76 Green Street Investors LLC, 44 Box Villa LLC, 116 India Villa LLC, 17

Diamond Villa LLC, and 79 Greene Villa LLC (collectively "Defendants"). A copy of the

confession of judgment (the "Confession") is attached hereto as **Exhibit A**.

4.    The Confession was given to me in consideration of a settlement agreement

between me and Defendants in connection with an action styled *44 Box Street Investors, LLC, et*

SGR/22429244.1

1 of 4

Case 1:21-cv-03932-BMC    Document 1-2    Filed 07/13/21    Page 4 of 21 PageID #: 9

*al. v. Manor, et al.*, Index No, 522518/2018 (Sup. Ct. Kings Co. 2018) (the "Action").

### THE PARTIES

5.      I am a resident of Brooklyn, New York.

6.      Upon information and belief, Defendants are all limited liability companies organized and existing under the laws of the State of New York, each with a principal place of business located at 124-04 Metropolitan Avenue, Kew Gardens, New York 11415.

### FACTUAL ALLEGATIONS

7.      Defendants are members of an investor group in connection with several construction projects located in Brooklyn, New York (the "Projects").

8.      I was also member of the investor group pursuant to an operating agreement with Defendants (the "Operating Agreement").  I was further engaged in the Projects as the manager and developer through a limited liability company of which I am a member – M1 Development LLC.

9.      A dispute arose between the parties with respect to their rights and obligations under the Operating Agreement.

10.     As a result of that dispute, on or about November 2, 2018, Defendants served me with a purported notice of removal for cause from the investor group.

11.     Defendants further commenced the Action to remove me from the investor group.

12.     On or around December 24, 2018, the parties entered into a settlement agreement (the "Settlement Agreement") whereby I agreed to resign from the investor group in exchange for certain consideration, including, but not limited to, payment of $154,000.00 (the "Settlement Payment").  A copy of the Settlement Agreement is annexed hereto as **Exhibit B**.

13.     Pursuant to Paragraph 1 of the Settlement Agreement, Defendants secured their

2

SGR/22429244.1

obligation to make the Settlement Payment with the Confession.

14.    To date, Defendants have only made partial payments towards the Settlement Payment totaling $127,000.00.

15.    A balance of $27,000.00 of the Settlement Payment remains due and owing to me.

16.    The Confession states that Defendants "hereby confess judgment herein and authorize entry of judgment against the said Defendants, and each of them, in the sum of $150,000.00." The Confession further explicitly states that it is arising directly out of the Settlement Payment.

17.    Accordingly, Defendants are indebted to me under the terms of the Confession in the principal amount of $27,000.00, constituting the unpaid balance of the Settlement Payment.

18.    Moreover, the Settlement Agreement further provides that:

The Parties agree in the event of any litigation arising under this Agreement or concerning the subject matter of this Agreement, the prevailing party shall be entitled to recover its attorneys' fees.

19.    Defendants failure to timely make the full Settlement Payment is, without question, a breach of the Settlement Agreement, entitling me to recovery of the attorney fees I have incurred and will incur enforcing the Confession.

3

SGR/22429244.1

**WHEREFORE**, based upon the foregoing, I respectfully request that the Court grant my motion pursuant to CPLR 3213 and enter judgment against Defendants in the amount of $27,000.00 plus attorneys' fees, interest, and costs.

_____
RAFAEL MANOR

Sworn to before me this 12th
day of March, 2020

_____
CHARLES D. HARKINS
NOTARY PUBLIC-STATE OF NEW YORK
No. 01HA6217145
Qualified in Queens County
My Commission Expires 02-08-2022

4

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
--------------------------------------------------------------------X

RAFAEL MANOR,

                              Plaintiff(s),

           -against-

44 BOX STREET INVESTORS LLC, 116
INDIA VILLA INVESTORS LLC, 17 DIAMOND
STREET INVESTORS LLC, 79 GREEN
STREET INVESTORS LLC, 44 BOX VILLA
LLC, 116 INDIA VILLA LLC, 17 DIAMOND
VILLA LLC and 79 GREENE VILLA LLC,

                              Defendant(s).

*Oror Shlomi*

--------------------------------------------------------------------X

**STATEMENT AND
AFFIDAVIT OF
CONFESSION OF
JUDGMENT.**

Index No. _____

STATE OF NEW YORK  )
                      ) ss.:
COUNTY OF QUEENS  )

_____, being duly sworn, deposes and says:

      1. That deponent is a member of defendants, 44 Box Street Investors LLC, 116 India Villa Investors LLC, 17 Diamond Street Investors LLC and 79 Green Street Investors LLC (collectively, the "Investor Defendants"), each either a Florida limited liability company having authority to do business in the State of New York, having offices located at _____, and as such, is duly authorized to make this affidavit on behalf of the Investor Defendants herein.

      2. That defendant, 44 Box Street Investors LLC is a majority member of defendant, 44 Box Villa LLC, a New York limited liability company having offices at 124-04 Metropolitan Avenue, Kew Gardens, New York 11415, and as such, is duly authorized to make this

FILED: KINGS COUNTY CLERK 03/18/2020 04:58 PM
NYSCEF DOC. NO. 4

Case 1:21-cv-03932-BMC Document 1-2 Filed 07/13/21 Page 9 of 21 PageID #: 14

INDEX NO. 506870/2020
RECEIVED NYSCEF: 03/18/2020

Entered 08/13/21 07:34:38

affidavit on behalf of said limited liability company.

3.   That defendant, 116 India Villa Investors LLC is a majority member of defendant, 116 India Villa LLC, a New York limited liability company having offices at 124-04 Metropolitan Avenue, Kew Gardens, New York 11415, and as such, is duly authorized to make this affidavit on behalf of said limited liability company.

4.   That defendant, 17 Diamond Street Investors LLC is a majority member of Defendant, 17 Diamond Villa LLC, a New York limited liability company having offices at 124-04 Metropolitan Avenue, Kew Gardens, New York 11415, and as such, is duly authorized to make this affidavit on behalf of said limited liability company.

5.   That defendant, 79 Green Street Investors LLC is a majority member of Defendant, 79 Greene Villa LLC, a New York limited liability company having offices at 124-04 Metropolitan Avenue, Kew Gardens, New York 11415, and as such, is duly authorized to make this affidavit on behalf of said limited liability company.

6.   That the undersigned on behalf of Defendants hereby confess judgment herein and authorize entry of judgment against the said Defendants, and each of them, in the sum of $150,000.00.

7.   This confession of judgment is for a debt justly to become due arising from the following facts:

> That by Settlement Agreement, dated December ___, 2018, the Investor Defendants promised to pay to Plaintiff the sum of $154,000.00 as follows:

$154,000.00 USD within forty-five days of the date of execution of the CSA. Alternatively, a sum of a minimum of $77,000 at the conclusion of the forty-five day period, and remit the full remainder within an additional 30 days.

> Pursuant to said Settlement Agreement, the other defendants agreed to guaranty such payment(s) and this Affidavit of Confession is being given to secure such payments.

All of the defendants designate Kings County as the venue for entry of judgment if same is required.



_0. 5_

Judgment on this confession may be entered at any time hereafter upon a default under the Settlement Agreement which is not cured upon fifteen (15) days' notice of such default. Credits for payments on account are to be allowed on execution.

The execution and delivery of this Confession of Judgment and entry of Judgment thereon shall be without prejudice to any and all rights of the plaintiff by virtue of any and all collateral security plaintiff holds, and plaintiff reserves all of its rights and remedies against all collateral security it holds. Plaintiff's rights and remedies shall always be and be deemed cumulative and not exclusive.

44 Box Street Investors LLC

By: _Oror Shlomi_, _____ member

116 India Villa Investors LLC

By: _Oror Shlomi_, _____ member

17 Diamond Street Investors LLC

By: _Oror Shlomi_, _____ member

79 Green Street Investors LLC

By: _Oror Shlomi_, _____ member

79 Green Street Investors LLC
By: 79 Greene Villa LLC

By: _____
 Oror Shlomi ,        member

Sworn to before me this
24th day of December , 20 18



_____
Notary Public

ANDERSON DAVID HARKOV
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 10/13/2020

## ACKNOWLEDGEMENT

State of New York: County of _____Bergen_____  )) ss.:

On the 24th day of _____December_____, 20 18, before me, the undersigned, personally appeared _____Oror Chlomi_____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacities and that by his signatures on the instrument, the individuals, or persons upon behalf of which the individual acted, executed the instrument.

_____
Notary Public



ANDERSON DAVID HARKOV
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 10/13/2020

44 Box Villa LLC
By: 44 Box Street Investors LLC, member


By: _____
       _Oror Shlomi_ ,        member


116 India Villa LLC
By:  116 India Villa Investors LLC, member


By: _____
       _Oror Shlomi_ ,        member


17 Diamond Villa LLC
By:  17 Diamond Street Investors LLC, member


By: _____
       _Oror Shlomi_ ,        member

# EXHIBIT B

## CONFIDENTIAL SETTLEMENT AGREEMENT

This Confidential Settlement Agreement ("CSA") is entered into on December ____, 2018 by and among 44 BOX STREET INVESTORS LLC, 116 INDIA VILLA INVESTORS LLC, 17 DIAMOND STREET INVESTORS LLC, 79 GREEN STREET INVESTORS LLC (collectively "Investor Group"), RAFAEL MANOR, an individual residing in Kings County, New York, and M1 DEVELOPMENT LLC, with a principal office located at 124-04 Metropolitan Avenue, Kew Gardens, New York 11415 ("M1") (Rafael Manor and M1 collectively "Developer") (Investor Group and Developer collectively "Parties").

## WITNESSETH:

WHEREAS, 44 Box Street Investors LLC and Developer are members of and subject to an operating agreement for 44 Box Villa LLC ("Box"); and

WHEREAS, 116 India Villa Investors LLC and Developer are members of and subject to an operating agreement for 116 India Villa LLC ("India"); and

WHEREAS, 17 Diamond Street Investors LLC and Developer are members of and subject to an operating agreement for 17 Diamond Villa LLC ("Diamond"); and

WHEREAS, 79 Green Street Investors LLC and Developer are members of and subject to an operating agreement for 79 Greene Villa LLC ("Greene"); and

WHEREAS, the operating agreements for Box, India, Diamond, and Greene each set forth the Parties' membership interest and shows that the Investor Group holds a 66.83% interest in Box, 95% interest in India, 99.90% interest in Diamond, and 95% interest in Greene; and

WHEREAS, the operating agreements for Box, India, Diamond, and Greene shows that the Developer holds a 2.13% interest in Box, 5% interest in India, 0.10% interest in Diamond, and 5% interest in Greene; and

WHEREAS, the Investor Group represents and warrants that, other than Developer's 2.13% interest in Box, 5% interest in India, 0.10% interest in Diamond, and 5% interest in Greene, Investor Group represents the interests of all other members in Box, India, Diamond, and Greene and is authorized to act on their behalf; and

WHEREAS, under each operating agreement, M1 was designated as the project developer and Rafael Manor was designated as the LLC Manager; and

WHEREAS, under Article 4 of each operating agreement, Rafael Manor, as LLC Manager, may be removed for cause; and

WHEREAS, a dispute arose between the Parties with respect to rights and obligations under the operating agreements; and

WHEREAS, the Investor Group, on or about November 2, 2018, served Developer with a purported notice of removal for cause; and

WHEREAS, the Investor Group commenced litigation against Developer in an action entitled *44 Box Street Investors, LLC et al. v. Manor et al.*, Index No. 522518-2018 (Sup. Ct. Kings County 2018) (the "Acton"); and

WHEREAS, the Parties wish to resolve the matter without the need for further litigation and without an admission as to fault or liability.

NOW THEREFORE, in consideration of the promises and mutual undertakings of the Investor Group and Developer set forth herein, the receipt and sufficiency of which is hereby acknowledged by all parties, the Investor Group and Developer agree as follows:

1.      Payment: The Investor Group shall pay Developer the sum of $154,000.00 USD within forty-five days of the date of execution of this CSA, which obligation will be secured by the execution of a confession of judgment by the Investor Group in favor of Developer in form annexed hereto as **Exhibit 5**. The Investor Group shall remit, at a minimum, a sum of $77,000 at the conclusion of the forty-five day period, and, if necessary, Developer will agree to an additional thirty-day extension to remit the full remainder. In addition, the Investor Group shall pay Developer the sums set forth in Paragraphs 9 and 10, below, and according to the terms therein

2.      Resignation: Rafael Manor, individually, and as sole member of M1, shall, concurrent with the signing of the CSA, execute a consent in the form attached as **Exhibit 1** hereto, resigning as LLC Manager and LLC Developer from Box, India, Diamond, and Greene.

3.      Cooperation: Rafael Manor, individually, and as sole member of M1, shall, in good faith, support and cooperate with the Investor Group and its newly designated project Manager as set forth in **Exhibit 2.**

4.      Disclosure: Upon the execution of this CSA, Developer shall transfer the books and records, including accounts receivables and payables, of the Box, India, Diamond, Greene LLCs. Developer represents and warrants that, to the best of Developer's knowledge and information at the present time, other than the loans, liens, debts, claims, lawsuits and governmental fines as a matter of public record, or appended to **Exhibit 3** ("Obligations"), which Developer has been given the opportunity to supplement, there are no Obligations related to the Box, India, Diamond, and Greene properties or assets.  Investor Group agrees to assume the Obligations set forth in this paragraph 4 and in Exhibit 3.

5.      Personal Property and Fixtures: Concurrent with the execution of this CSA, Developer shall waive and release any interest in any personal property, fixture or other items purchased with Box, India, Diamond, and Greene project funds or for the Box, India, Diamond, and Greene projects. Any personal property, fixture or other items referenced herein that is in Developer's possession shall be delivered to the Investor Group within 5 days from the execution of this CSA.

6.      Existing Loans: With respect to any disclosed project loan for Box, India, Diamond, and Greene projects that Developer has personally guaranteed, the Investor Group agrees to obtain from each lender a release running in favor of Developer with respect to said obligation and substitute its own personal guarantor.  Investor Group shall promptly provide Developer all lender release(s) upon the refinance or modification of the loan(s) in question.  Investor Group agrees to defend

Developer in any action commenced by any Project lender for enforcement of Developer's personal guaranties prior to Developer's release as personal guarantor from the project loans.

7.　Additional Payments: In addition to the payments set forth in Paragraphs 1 and 10, Investor Group shall pay Developer $95,000.00 as follows: $47,500.00 as part of investors' capital contribution returns for the India project; and (b) $47,500.00 as part of investors' capital contribution returns for the Greene project.  These payments will be paid no later than the payment for return of capital to the other investors.

8.　Profits: Subject to Developer's substantial compliance with the terms of this Agreement, in addition to the amounts set forth in Paragraphs 1 and 9, the Investor Group shall pay Developer from remaining profits, but only after the investor capital contributions and 8% annual preferred returns are paid, the following amounts: (a) $300,000.00 from the proceeds of unit sales from the Box project; (b) $75,000 from the proceeds of unit sales from the India project; (c) $75,000 from the proceeds of unit sales from the Diamond project; and (d) $75,000 from the proceeds of unit sales from the Greene project.

9.　Waiver and Assignment: Other than the payments set forth in Paragraphs 1, 7, and 8, and subject to the terms therein, Developer agrees to waive all rights under the Box, India, Diamond, and Greene operating agreements, including rights, if any, to receive any payments, share profits, or receive any other remuneration. Developer shall execute and deliver to the Investor Group's attorney, to be held in escrow pending Developer's receipt of the payments set forth in Paragraphs 1, 9 and 10, an assignment in the form attached as **Exhibit 4** assigning Developer's interest in the respecting LLC.

10.　Confidentiality: The Parties shall maintain in the strictest confidence the terms of this CSA, including the amounts payable hereunder. The CSA and exhibits to this CSA may be disclosed to third parties as is reasonably necessary and appropriate, such as professional advisors (accountants, lawyers, tax advisors) or governmental authorities, or as otherwise required by law, court order, subpoena or other legal process or compulsion and, then, only upon timely prior notice to the other Party so as to give sufficient time to contest any such disclosure. This confidentiality provision shall terminate in the event any Party breaches this CSA or any Party commences a legal action or proceeding to enforce its rights hereunder.

11.　Correspondence: All correspondence concerning this CSA including any notices required hereby, shall be served via U.S. Postal Service, first class mail, return receipt, or via private overnight delivery service, to the parties at the addresses listed below:

　　　　　If to Investor Group:

　　　　　Eitan Gabay
　　　　　467 Keap Street
　　　　　Brooklyn NY 11211
　　　　　With a copy to:

　　　　　Javid Afzali, Esq.
　　　　　Whiteman Osterman & Hanna LLP
　　　　　One Commerce Plaza

Albany, New York 12260


If to Developer:

RAFAEL MANOR
124-04 Metropolitan Avenue
Kew Gardens, New York 11415

With a copy to:

Gail Spindler, Esq.
Trop Spindler LLP
19-02 Whitestone Expy, Suite 103
Whitestone, New York 11357
(718) 357-4333


12.    <u>Breaches</u>: The Parties agree that in the event of any litigation arising under this Agreement or concerning the subject matter of this Agreement, the prevailing party shall be entitled to recover its attorneys' fees.

13.    <u>Adjournment and Discontinuance.</u> Concurrent with the execution of the CSA, the Parties shall execute a stipulation of discontinuance and mutual releases contingent on full performance of the Parties' obligations herein.

14.    <u>Further Assurances</u>: The Parties hereto agree that they will, from time to time, execute and deliver, or cause to be executed and delivered, any such further instruments as may reasonably be required for carrying out the intention of the parties to, or facilitating the performance of, this CSA.


## STANDARD CLAUSES

15.    <u>Successors and Assigns</u>: This Settlement Agreement shall apply to, be binding upon and inure to the benefit of the parties, their officers, directors, members, shareholders, agents, servants, employees, corporate parents, subsidiaries, affiliates, predecessors, heirs, executors, administrators, successors and assigns.

16.    <u>Indemnification</u>. Upon execution of this CSA and Developer's substantial compliance herewith, the Investor Group shall defend and hold harmless Developer and Hadas Hakmon (Rafi Manor's wife), M Remodeling Corp., SM Studio, Inc., and David Sapan, in an action entitled *Tapper et al. v. 116 India Street Villa LLC et al*, (Index No. 522967-18, Sup. Ct. Kings County).  Defense and litigation costs (including attorneys' fees), judgments or settlement amounts assessed against Developer, Hakmon, M Remodeling Corp., SM Studio, Inc., or David Sapan by the plaintiffs shall be paid as debts of 116 India Villa LLC.

17.    <u>Governing Law</u>: This Settlement Agreement shall be governed by, and construed

Page **8** of **9**

and enforced in accordance with, the laws of the State of New York without regard to its choice of law or conflict of law rules. Any action or proceeding to enforce this CSA shall be venued in Kings County, New York or in Eastern District federal court in New York. The Parties agree that service to the addresses set forth in Paragraph 13 shall be deemed sufficient legal service under the applicable state or federal requirements.

18. <u>Unnumbered Paragraphs</u>: The unnumbered paragraphs of this Settlement Agreement, which begin with the term "Whereas," are expressly incorporated by reference and the recitations contained therein constitute part of this Settlement Agreement.

19. <u>Headings</u>: The headings of the sections and paragraphs of this Settlement Agreement are included for convenience only and are not intended to be a part of, or to affect the meaning or interpretation of, this Settlement Agreement.

20. <u>Entire Agreement</u>: This CSA, including the exhibits hereto, constitutes the entire understanding among the Parties with respect to settlement of this dispute and supersedes and replaces in all respects all prior contracts, agreements and/or understandings, whether formal or informal, oral or written, among the parties or between any of them with respect to the settlement of this dispute, except as to those matters expressly reserved in the attached releases. This CSA may only be amended, modified or terminated by a writing signed by all parties hereto.

21. <u>Interpretation</u>: The parties agree that the draftsman's presumption shall be held inapplicable in any action interpreting or enforcing this CSA. The Parties further agree that the provisions of this CSA embody their mutual intent and that such provisions are not to be construed more liberally in favor of, or more strictly against, either Party.

22. <u>Authority to Execute</u>: Each person signing this CSA hereby represents and warrants that he or she has the authority to enter into this CSA and bind the party on whose behalf he or she is signing.

23. <u>No Conflict</u>: The Parties represent and warrant that the execution of this CSA and/or the performance of any obligations hereunder will not violate any agreement with any third-party.

24. <u>Counterparts</u>: This CSA may be executed in several counterparts, each of which shall be an original as against any party who or which signed it. This CSA may be executed by facsimile.

25. <u>Severability</u>: If any paragraph, term or provision of this Agreement is found to be invalid, illegal or unenforceable, then such paragraph, term, or provision shall be considered separate and apart from the remainder, and the validity of all other paragraphs, terms and provisions hereof shall in no way be affected thereby.

26. <u>Effective Date</u>: This Agreement shall take effect upon the date of its execution by all Parties. Counsel for each Party will provide the other Party with one physical copy of this CSA bearing signatures of his or her client(s). Counsel for the Parties agree that any valid foreign notarization or acknowledgement on this CSA or any instruments or exhibits contained herein shall be deemed valid in New York State.

Case 1:21-cv-03932-BMC Document 1-2 Filed 07/13/21 Page 19 of 21 PageID #: 24

IN WITNESS WHEREOF, the undersigned have executed this Confidential Settlement Agreement as of the date set forth above.

**RAFAEL MANOR**

By: _____

STATE OF NEW ~~YORK~~ JERSEY )
                     ) SS.:
COUNTY OF ___BERGEN___ )

On the 24 th day of December in the year 2018 before me, the undersigned, a notary public in and for the State of New ~~York~~, personally appeared ___Rafael Manor___, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of the which the individual acted, executed the instrument.

_____
Notary Public

ANDERSON DAVID HARKOV
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 10/13/2020

**M1 DEVELOPMENT LLC**

By: _____
Name: Rafael Manor
Title: Sole Member

STATE OF NEW ~~YORK~~ JERSEY )
                     ) SS.:
COUNTY OF ___BERGEN___ )

On the 24 th day of December in the year 2018 before me, the undersigned, a notary public in and for the State of New York, personally appeared ___Rafael Manor___, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of the which the individual acted, executed the instrument.

_____
Notary Public

Page 7 of 9



ANDERSON DAVID HARKOV
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 10/13/2020

IN WITNESS WHEREOF, the undersigned have executed this Confidential Settlement Agreement as of the date set forth above.

**44 BOX STREET INVESTORS LLC**

Name: _____
Title: Authorized Agent

STATE OF NEW ~~YORK~~ JERSEY )
) SS.:
COUNTY OF ___BERGEN___ )

On the 4 th day of ____ in the year 2018 before me, the undersigned, a notary public in and for the State of New York, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of the which the individual acted, executed the instrument.

_____
Notary Public

ANDERSON DAVID HARKOV
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 10/13/2020

**116 INDIA VILLA INVESTORS LLC**

Name: _____
Title: Authorized Agent

STATE OF NEW ~~YORK~~ JERSEY )
) SS.:
COUNTY OF ___BERGEN___ )

On the 24 th day of ____ in the year 2018 before me, the undersigned, a notary public in and for the State of New York, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of the which the individual acted, executed the instrument.

_____
Notary Public

Page **8** of 9



ANDERSON DAVID HARKOV
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 10/13/2020

17 DIAMOND STREET INVESTORS LLC

Name: _____
Title: Authorized Agent

STATE OF NEW ~~YORK~~ JERSEY  )
                             ) SS.:
COUNTY OF  BERGEN           )

On the 24th day of December in the year 2018 before me, the undersigned, a notary public in and for the State of New York, personally appeared ____Dror Shlom____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of the which the individual acted, executed the instrument.

ANDERSON DAVID HARKOV
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 10/13/2020

_____
Notary Public

79 GREEN STREET INVESTORS LLC

Name: _____
Title: Authorized Agent

STATE OF NEW ~~YORK~~ JERSEY  )
                             ) SS.:
COUNTY OF  BERGEN           )

On the 24th day of December in the year 2018 before me, the undersigned, a notary public in and for the State of New York, personally appeared ____Dror Shlom____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of the which the individual acted, executed the instrument.

_____
Notary Public

Page **9** of 9



ANDERSON DAVID HARKOV
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 10/13/2020